UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KENNETH WILSON,**

    **Plaintiff,**

v.                                                 Case No:  5:05-CV-434-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**
_____/

## ORDER

Pending before the Court is Plaintiff's Attorneys' Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b).  (Doc. 27.)  The Commissioner has not filed a response and his time for doing so has passed.  For the reasons discussed below, Plaintiff's Motion (Doc. 27) is **GRANTED** and the attorney's fees requested are approved in the total sum of **$50,000**.

## Background

This case has a long history.  There have been (at least) five hearings – two in Cincinnati and three in Florida; three appeals to the Appeals Council; and two federal court appeals, including a 2003 appeal to the Eastern District of Kentucky.  (Doc. 27-4.)

In January 2002, Plaintiff retained Mr. Michael J. Mooney to represent him and on May 7, 2003, at the time of his first appeal, Plaintiff entered into a contingency fee agreement with Mr. Mooney, wherein Plaintiff agreed to an attorney fee equal to 25% percent of any past-due benefits awarded.  (Doc. 27-1.)  Subsequently, in 2005, Ms. Sarah Bohr was added, as counsel for Plaintiff, to assist in the federal appeal before the Court.  (Doc. 27, ¶ 2.)

On October 21, 2005, Plaintiff filed a Complaint in the instant matter appealing the Commissioner's final administrative decision denying his claims for Social Security Disability Insurance. (Doc. 1.) On May 2, 2006, Plaintiff filed his Brief in opposition to the Commissioner's decision. (Doc. 17.) In response, the Commissioner filed a Motion for Entry of Judgment with Remand Under Sentence Four (Doc. 19.), which Plaintiff opposed (Doc. 20). However, on August 11, 2006, the Court granted the Commissioner's Motion (Doc. 19) and the matter was reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 23.) Subsequently, on October 27, 2006, the Court entered an order awarding attorney's fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA") in the sum of $5,314.30 for 35.1 hours of work. (Doc. 26.)[1]

Thereafter, on remand, Plaintiff was awarded $300,000 in past due benefits. (Doc. 27, ¶ 5.) Plaintiff was also awarded ongoing benefits and medical coverage. (*Id.*) On July 2, 2012, the Social Security Administration ("SSA") issued a letter notifying Plaintiff's counsel, that it withheld $74,459.75 of the award for attorney's fees, which represents twenty-five percent of Plaintiff's award. (Doc. 27-2.) Plaintiff asserts, however, that this letter was not received until July 23, 2012. (*See* Doc. 27-5.) Subsequently, on July 31, 2012, Plaintiff filed the instant Motion (Doc. 27) seeking $50,000, in attorneys' fees, pursuant to the "Fee Agreement – SSI and Social Security" dated May 7, 2003. (Doc. 27-1.)

---

[1] Notably, on November 21, 2003, Mr. Mooney was also awarded $4,840.00 for 37 hours of work in the Kentucky federal case. (Doc. 27-4, n.1.)

**Discussion**

**I. Timeliness**

As an initial matter, the Commissioner has not challenged the timeliness of Plaintiff's Motion. And, based on the following, the Court finds Plaintiff's Motion timely. The Federal Rules of Civil Procedure require that a claim for attorney's fees be made by a motion "filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(I).[2] An application for fees under 42 U.S.C. § 406(b) must be brought within the time provided by Fed. R. Civ. P. 54(d)(2), which requires filing a motion for attorney fees within fourteen days "after entry of judgment." *Bergen*, 454 F.3d at 1277. Courts have construed this rule liberally, holding that the fourteen day period begins to run after the plaintiff is served with the SSA's notice of awarding benefits. *See Doyle v. Astrue*, No. 8:09-cv-2302-T-TGW, 2012 WL 2115502, at *1 (M.D. Fla. June 11, 2012); *see also Clark v. Astrue*, No. 8:09-cv-00888-T-17-MAP, 2012 WL 570345, at *2 (M.D. Fla. Feb. 22, 2012). This flexibility is imposed because if the time limit "were to run from the date of the entry of judgment, the plaintiff would be in the untenable position of seeking an award for fees that the plaintiff is not yet entitled to, for an entirely undetermined amount, which cannot be reduced to judgment until some unknown future [time]." *Clark*, 2012 WL 570345, at *2.

Here, although the notice from the SSA is dated July 2, 2012 (Doc. 27-2), the Court accepts Plaintiff's attorneys' representations that (i) the letter was not received until July 23, 2012, and (ii) that this is the first notice Plaintiff received from the SSA

---

[2] *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (finding that the time limit set forth in Fed. R. Civ. P. 54(d)(2)(B) applies to attorneys fee claims under 42 U.S.C. § 406(b)).

indicating the amount of fees withheld. (Docs. 27-4; 27-5.) Thus, since Plaintiff filed this Motion on July 31, 2012, eight days after counsel was notified of the amount of money withheld for fees, the Court finds Plaintiff's Motion timely.

## II. Reasonableness

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.*

As required by *Gisbrecht v. Barnhardt* – the Supreme Court's most recent pronouncement concerning the award of § 406(b) fees – courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. *Gisbrecht*, 535 U.S. 789, 808 (2002). "A contingent-fee agreement is not *per se* reasonable. Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'" *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005). As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805.

In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fees are out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.  *Id.* at 808.  In these instances, a downward reduction may be in order.

Here, based on the procedural history and outcome in this case, the Court finds that the requested fees, although large, are reasonable.  First, the requested fee will not result in a windfall for counsel (i.e., that counsel is receiving compensation that counsel is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff).  In this regard, Plaintiff's counsel submitted a signed fee agreement in which Plaintiff acknowledged that counsel would receive 25% of all past due benefits ultimately awarded. (Doc. 27-1.)  Notably, Plaintiff's counsel does not request the entire 25%; rather, Plaintiff's counsel requests $50,000.  Moreover, counsel spent over ten years litigating this case, through (at least) five hearings, before Plaintiff ultimately prevailed.  Second, counsel undertook a substantial risk of a total loss.  Indeed, Plaintiff's application was denied several times before he ultimately prevailed.  Third, counsels' expertise (specifically, Ms. Bohr's expertise) is unquestionable.  She has practiced social security law for over thirty years. (*See* Doc. 27-5.)  Without counsels' diligence and skill, it is unknown whether Plaintiff would have been awarded past and

future benefits.[3]  Based on the foregoing, the Court is satisfied that this fee award is reasonable in comparison to the nature of this case and amount of effort Plaintiff's counsel expended.

The Court may also consider the hours expended by counsel and their normal hourly rate, but "this data does not control the Court's determination of the requested fee's overall reasonableness."  *Yarnevic v. Apfel*, 359 F.Supp.2d 1363, 1363 (N.D. Ga. 2005).[4]  While 72.1 hours of work spent on this case results in a large hourly rate, if this Court were to reduce the amount of fees awarded based solely on the amount of time spent on the case and counsels' normal hourly rate, the Court would be engaging in an ad hoc lodestar analysis and failing to give proper consideration to the contingency fee agreement, the risks involved in undertaking the representation, the character of the representation, and the results achieved.  *See Yarnevic*, 359 F.Supp.2d at 1363.

## Conclusion

Accordingly, for these reasons, Plaintiff's Motion (Doc. 27) is **GRANTED**.  Section 406(b)(1) fees are approved for Plaintiff's counsel in the sum of **$50,000.00** to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.  In addition, Plaintiff's counsel is directed to return to Plaintiff the sum of **$10,154.30**, representing the EAJA fees that previously were awarded to counsel by the Court and the Kentucky court.

---

[3] Counsel also states that Mr. Wilson has consented to the payment of fees requested herein citing Doc. 27-3.  *See* (Doc. 27, ¶12.)

[4] Courts in the Middle District of Florida have adopted this analysis.  *See Conklin v. Comm'r of Soc. Sec.*, No. 6:03-cv-980-GJK (M.D. Fla. Sept. 22, 2009); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 20, 2008); *Whitaker v. Comm'r of Soc. Sec.*, No. 6:06-cv-1718-Orl-18KRS, 2008 WL 471077, at *2-3 (M.D. Fla. Oct. 23, 2008).

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on October 5, 2012.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

All Counsel